UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Johannes T. Martin, | ) |
|          Plaintiff, | ) ) ) Civil Action No.: 15-cv-6998 |
| v. | ) ) Judge Jorge L. Alonso |
| Wendy's International, Inc., (n/k/a Wendy's International, LLC) and Guinness World Records Limited, | ) Magistrate Judge Susan E. Cox ) ) |
|          Defendants. | |

**JOINT MOTION TO DISMISS
BY DEFENDANTS GUINNESS WORLD RECORDS LIMITED
AND WENDY'S INTERNATIONAL LLC**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Guinness World Records Limited ("Guinness") and Wendy's International LLC ("Wendy's), respectfully move this Court to dismiss Plaintiff's Right of Publicity claim because the facts shown in the complaint show that the statute of limitations has passed and to dismiss the Lanham Act claim because Mr. Martin lacks standing and the allegations do not support either a false endorsement or false advertising claim.

I.  FACTS

Plaintiff filed the Complaint in this case on August 11, 2015. [Dkt. 1]. The Complaint contains two causes of action: a claim alleging violation of the Illinois Right of Publicity Act (765 ILCS 1075) and a claim alleging false advertising and false endorsement under the Lanham Act. *See* Dkt. 1 at p. 1; 8-9[1]. Both are premised upon a limited time advertising campaign that included the distribution of toys, including footbags, inside of Wendy's Kids' Meal® bags at Wendy's® restaurants. Plaintiff admits that the promotion began on August 12, 2013 and ended on September 22, 2013. *See* Dkt. 1 at p. 1.

One count of the Complaint alleges false advertising premised upon the use of the phrase "record-breaking toys." Plaintiff alleges that this phrase implies "that the Defendants' offering is the same as the one used to break the Footbag World Record and that [Plaintiff] is endorsing this footbag." *See* Dkt. 1 at p. 6. Footbag records not belonging to Plaintiff are also mentioned in the material included in the promotion. *Id.* at p. 7-8. The Complaint identifies three uses of the phrase "record-breaking toys" in the promotion. Plaintiff cites a press release that reads "In a partnership sure to add a little friendly record-breaking competition to family dining, Guinness World Records has teamed up with Wendy's® for a six-week duration in which every Wendy's

---

[1] The Complaint variously references three separate causes of action, but identifies them as "My IRPA Claim" and "My Lanham Act Claim." We have categorized the claims according to those references.

1

Kids' Meal™ will come with one of six Guinness World Records record-breaking toys." *See* Ex. A[2] at p. 2 of 7. The press release says that each toy "provides fun challenges and a chance for parents and kids to outdo each other for the title of family's best." *Id.*

The toy descriptions included in the press release contain references encouraging children and families to try to break a record or set their own family records. *Id.* For the record-setting timer option, the description states that it can be used "to time all record attempts" and comes with suggestions for records to challenge. The paper aircraft description states that instructions would be included for designing paper airplanes for five different types of world records. The high flying disc encourages children to go "after the record for most behind-the-back flying disc catches in one minute." The hopscotch kit provides "everything a kid needs to challenge the record for fastest game of hopscotch." With respect to the footbag, the description states that the toy is a "trick footbag" and reads "[o]nce the neighborhood gets a hold of the skills on this footbag, it's only a matter of time before the record of 946 people playing in a circle at once gets taken down." Mr. Martin does not claim that he is either the world record holder for the number of people playing footbag in a circle or the record holder for footbag tricks. See Complaint [Dkt. 1] at p. 2. The promotion also included an eBook providing an exclusive guide to "records that families can try to break, so mom or dad or brother or sister can set the family record." *See* Ex. A.. There is not a single reference in the press release to either Mr. Martin or his record. Nor is there a reference to any of the toys themselves being used to break a previously set record.

The second and third uses of "record-breaking toys" were identified in Exhibit C, described in the Complaint as the Wendy's Kids' Meal® bag distributed with the promotion. The full sentence as used on the bag reads "Break a record with these record-breaking toys!" *See* Ex. C. The other side of the bag reads "1 of 6 record-breaking toys inside!" *Id.* Again, there is no

---

[2] References to Exhibits throughout refer to Exhibits to the Complaint.

reference on the bag to Mr. Martin, his footbag record, or any of the toys being used by any prior record-holder.

In support of the false endorsement claim, Plaintiff does not allege that any advertisement used Plaintiff's name or photograph, [3] or even that a reference was made to the "world record holder of footbag" in any advertisement or promotional message. Rather, Plaintiff alleges that "[w]hen the Kids' Meal customer chose the footbag, it would come sealed in a plastic bag and be placed in the Kids Meal bag." Dkt. 1 at p. 7. "The Wendy's Kids Meal and Guinness World Records logos were printed on the plastic bag itself." *Id.* "Upon opening the plastic bag[,] the customer would find a footbag with GUINNESS WORLD RECORDS printed on it and a card with instructions." *Id.* Mr. Martin's publicity and endorsement claims are primarily premised upon the sentence in the instruction "Ted Martin made his world record of 63,325 kicks in a little less than 9 hours!" This appeared on the inside of the card contained within the plastic bag distributed with the footbag after purchase of a Wendy's Kids' Meal®. The text of the inside of the card shown in Ex. E appears below:



---

[3] Plaintiff does not claim that the photograph on the instruction card is a photograph of him.

Finally, Mr. Martin alleges that the use of a footbag marked "Guinness World Records" as shown below and in Exhibit B to the Complaint constitutes an implied false endorsement. Again, there is no reference to Mr. Martin or his record on the footbag toy.



The Complaint appears to admit that Plaintiff was not selling any footbag or other competing product at the time of the promotion or in the intervening two years to the present. *See* Dkt. 1 at p. 7. Rather, Plaintiff only alleges a vague intention to enter the market sometime in the future. *Id.* Plaintiff does not allege that he has lost any sales of footbags to date. *Id.*

## II. LEGAL STANDARDS

### A. Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 675 (7th Cir.2001). A claim must be facially plausible, *i.e.*, that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Stayart v. Yahoo! Inc.,* 623 F.3d 436, 438 (7th Cir.2010).

### B. Standing to Bring a Lanham Act §1125(a) Claim

Under the Supreme Court's recently-decided *Lexmark* case, to assert a cause of action under Lanham Act §1125(a), "a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's

4

misrepresentations." 134 S.Ct. at 1395. To establish proximate causation, a plaintiff need not show that he was in direct commercial competition with the defendant, *see id.* at 1394, but he must allege that he suffered "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 1391. Proximate cause requires that the "alleged harm ... is [not] 'too remote' from the defendant's unlawful conduct," and the "harm alleged has a sufficiently close connection to the conduct the statute prohibits." *Id.* at 1390.

  C. **False Endorsement**

As the Seventh Circuit explains, one basis of liability under the Lanham Act includes "false representations concerning the origin, association or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress or other device." *L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc.*, 9 F.3d 561, 575 (7th Cir.1993) *abrogated* by *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S.Ct. 1377, 1380 (2014) on other grounds. "False endorsement occurs when a person's identity is connected with a product or service in such a way that consumers are likely to be misled about that person's sponsorship or approval of the product or service." *Stayart v. Yahoo! Inc.*, 651 F.Supp.2d 873, 880 (E.D.Wis.2009), *aff'd*, 623 F.3d 436 (7th Cir.2010).

Lanham Act claims of false endorsement are narrower in scope than claims brought under state right of publicity acts. "It is clear that not all uses of a celebrity's image are actionable under § 1125(a). Only uses which suggest sponsorship or approval are prohibited. Unlike the broader right of publicity, which is infringed by the 'unpermitted use of a person's identity' containing 'no false inference that plaintiff endorses or approves the product,' § 1125(a) prohibits only *false endorsement,* not mere use of an image or name." *Cairns v. Franklin Mint Co.,* 107 F.Supp.2d 1212, 1214 (C.D. Cal. 2000), *quoting and adding emphasis to* 5 J. THOMAS

MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 28:14 (4th ed.1996).

### D. False Advertising

In order to allege a claim for false advertisement under the Lanham Act, a plaintiff must plead that the defendant's advertisement is "(1) false and misleading, (2) actually or likely to deceive a substantial segment of their audience, (3) material in their effects on purchasing decisions, (4) for goods that entered interstate commerce, and (5) actually or likely to injure the plaintiff. " *Truck Components, Inc. v. K–H Corp.,* 776 F.Supp. 405, 408 (N.D.Ill.1991). To meet the falsity element for a false or deceptive advertising claim, a plaintiff must show that the challenged advertisement is literally false, or, if literally true or ambiguous, that it is "misleading in context, as demonstrated by actual customer confusion." *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 13 (7th Cir.1992).

For a false advertising claim, it is appropriate for the court to determine on a motion to dismiss whether the statements identified as false constitute non-actionable puffery. *See Saltzman v. Pella Corp.*, case no. 06cv4481, 2007 WL 844883 at *4 (N.D. Ill. March 20, 2007) (applying the Lanham Act false advertising standard to an equivalent state claim and granting a motion to dismiss finding that the alleged statements constituted mere puffery) *citing Cook, Perkiss, and Liehe, Inc. v. N. Cal. Collection Service, Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (affirming dismissal of Lanham Act false advertising claim and holding that whether a statement constitutes puffery is a legal question suitable for determination on a motion to dismiss).

### E. First Amendment Defense

"Entertainment, as well as political and ideological speech" is protected by the First Amendment. *Shad v. Borough of Mount Ephraim*, 452 U.S. 61, 65 (1981). The most basic principle of First Amendment protection is that "government has no power to restrict expression

6

because of its message, its ideas, its subject matter, or its content." *Brown v. Entertainment Merchants Ass'n.*, 131 S.Ct. 2729, 2733 (2011), *citing Ashcroft v. American Civil Liberties Union*, 535 U.S. 564 (2002). The public's protection to be free of confusion about affiliation and endorsements under the Lanham Act is limited by the First Amendment's protection of free expression. *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013).

Speech is protected "even though it is carried in a form that is sold for profit." *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976), *citing Smith v. California*, 361 U.S. 147, 761 (1959). Both the publisher and the author of expressive materials are protected by the First Amendment. *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964)(the newspaper was fully protected where the content of a paid editorial was challenged). To determine the degree of protection, a court should consider whether the speech is an advertisement, refers to a specific product, and is economically motivated. *Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509 (7th Cir. 2014). The court need not consider a First Amendment defense if a complaint fails to state a claim for relief under the Lanham Act. *Fortres Grand Corp. v. Waner Bros. Entertainment, Inc.*, 763 F.3d 696 (7th Cir. 2014).

### III. ANALYSIS

#### A. The Statute of Limitations for Illinois Right of Publicity Act Claims Has Expired

There is a one year statute of limitations to file a claim pursuant to the Illinois Right of Publicity Act. *Blair v. Nevada Landing Partnership*, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2d 2006); *Berry v. Ford Modeling Agency*, Case No. 09cv8076, 2012 WL 5470289 at *3 (N.D. Ill. Nov. 9, 2012) ("more recent cases, especially *Blair*, make it absolutely clear that the Right of Publicity Act has a one-year statute of limitations")(citations omitted). A right of publicity claim accrues at the time the plaintiff's interest is invaded, which in a right of publicity case would be when the objectionable material was first published. *Blair,* 859 N.E.2d at 1192-1193. If a tort

7

involves a continuing or repeated injury, the limitations period begins to run on the date of the last injury or the date the tortious acts cease. *Id.* Although the statute of limitations is an affirmative defense, when the existence of a valid affirmative defense is plain on the face of a complaint, a district court need not wait for an answer before dismissing the complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A litigant who pleads facts which show that his claim is barred, or otherwise without merits, has pled himself out of court. *Tregenza v. Great American Communications Co.*, 12 F.3d 718 (7th Cir.1993).

In this case, the Plaintiff has pled a right of publicity claim based upon a "promotion that was held through-out the U.S. and Canada from August 12th to September 22nd 2013…." Dkt. 1 at p. 1. In light of the one year statute of limitations, any claim brought under the Illinois Right of Publicity Act would need to have been brought by September 22nd 2014. Plaintiff filed this lawsuit on August 11, 2015. Because the statute of limitations expired, Plaintiff's claim under the Illinois Right of Publicity Act must be dismissed.

      **B.**    **The Lanham Act Claims Are Insufficiently Pled**

            **1.**    **Mr. Martin Lacks Standing**

To bring a claim under Lanham Act § 43(a), a plaintiff must plead an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations. The sole allegation that could potentially support any commercial injury to Mr. Martin is his statement that he is "in the process of getting a footbag mass produced." *See* Dkt. 1 at p. 7. However, although Plaintiff asserts that the distribution of footbags by Defendants "diluted the market" for his future product, he does not allege (and cannot plausibly allege) that statements made in a short-lived promotional advertising campaign which ceased in September, 2013 had or will have any proximate effect on any of Plaintiff's future footbag sales. Merely stating the legal conclusion that one will be injured is not sufficient to establish standing. *Ahmed v. Hostingcom*, 28 F.Supp.3d 82, 91(D. Mass. 2014)(dismissing false advertising and false

endorsement claims based upon lack of standing where alleged injury was unsupported by facts). Here, Plaintiff has not sufficiently plead any commercial injury proximately caused by the alleged Lanham Act violations.

In this case, Plaintiff merely identifies a future plan to sell footbags. Hopes of eventually selling a product are too remote to support standing in a false advertising claim. *See Maine Springs LLC v. Nestle Waters N.A.*, Case 2:14cv321, 2015 WL 1241571 at *6-7 (D. Maine March 18, 2015) (dismissing false advertising claim for lack of Article III standing based upon finding that intention to market product was too speculative and remote to constitute Lanham Act injury). Here, the actions of the Defendants that occurred during a one month period more than two years ago are too remote from any sales of footbags that may occur in the future to constitute the cause of the entirely speculative commercial injury Mr. Martin predicts will occur. Because he cannot plead any commercial injury proximately caused by Defendants' Acts, Mr. Martin's Lanham Act claims must be dismissed for lack of standing.

### 2. There can be no false advertising claim because use of "record-breaking toys" constitutes non-actionable puffery

To plead false advertising, a plaintiff must show that the challenged advertisement is literally false, or, if literally true or ambiguous, that it is 'misleading in context, as demonstrated by actual customer confusion.' *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 13 (7th Cir.1992). A vague description that is not a specific statement of fact about the attributes of the product is not actionable as false advertising, but instead constitutes puffery. *Summit Technology, Inc. v. High-Line Medical Instruments, Co.*, 933 F.Supp. 918, 931 (C.D. Cal. 1996). In the context of the advertisements at issue, "record-breaking toys" refers to toys that may be used by the recipients to set family or world records. *See* Ex. A ("In a partnership sure to add a little friendly record-breaking competition to family dining….every Wendy's Kids' Meal™ will come with one of six Guinness World Records record-breaking toys;""[E]ach toy provides fun

9

challenges and a chance for parents and kids to outdo each other for the title of family's best;" Ex. C ("Break a record with these record-breaking toys). The phrase "record-breaking" is the type of general and vague descriptor that is commonly used in advertising and not a specific factual statement of fact about the attributes of the toy that can be proven or disproven. Thus, the use of "record-breaking toys" in the advertisements constitutes non-actionable puffery.

Puffery can be either an exaggerated description of a product that no reasonable consumer would believe to be true or a statement that is so vague and subjective that it can be neither proven nor disproven. *Procter & Gamble, Co. v. Kimberly-Clark Corp.*, 569 F.Supp.2d 796, 799 (E.D. Wis. 2008). For example, when an advertiser claims his store that has the "lowest" prices or his product is the "best," no one expects that consumers will take his claims at face-value: there is, for such claims, no reliance. *Id. citing Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 160 (2d Cir.2007) (describing the two forms of puffery). Where a phrase is inherently vague and not subject to specific criteria, it is puffery and is not actionable under the Lanham Act. *Procter & Gamble*, 497 F.3d at 799 (finding "fit more naturally" to be puffery because it is subjective, inherently vague, and not subject to measurement).

In this case, the use of "record-breaking toys" is never tied to any particular record. The phrase is used to refer to each of the toys available in the promotion. In the press release (Ex. A), a variety of records are referenced but never actually tied to the record-breaking adjective (including records for tallest, smallest, fastest, farthest, paper aircraft records including duration aircraft, high speed flyer, long distance aircraft, precision flyer, high flying disc records for most behind-the-back flying disc catches in one minute, the footbag record for most people playing in a circle, and the number of frog jumps that can be completed in one minute). Plaintiff acknowledges that a wide variety of footbag records exist, including men's and women's consecutive records in singles, doubles, and timed, and freestyle trick records, none of which are

10

referenced in connection with the phrase "record-breaking toys." *See* Dkt. 1 at p. 1-2. The advertisements make no reference to the type of product used to set any record. Because "record-breaking toys" as used in the promotion vaguely refers to the potential that the free toy could be used to break records and never specifically mentions a particular record, it is not a false or misleading statement of fact as required by the statute. Instead, the phrase is mere puffery, which is not actionable as false advertising. Thus, the false advertising claim must be dismissed.

### 3. There can be no claim for false endorsement under the Lanham Act because Mr. Martin's identity was not used to endorse a product.

To plead false endorsement, a plaintiff must allege "false representations concerning the origin, association or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress or other device." *L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc.*, 9 F.3d 561, 575 (7th Cir.1993) *abrogated* by *Lexmark on other grounds*. The three acts alleged to constitute false endorsement do not meet this standard. Two of those uses fail because there has been no use of Plaintiff's distinctive mark, name, or other device. The third use fails because it does not constitute an endorsement.

Plaintiff points to three acts as use of his identity creating a false endorsement. First, he alleges that the use of Defendant's trademark Guinness World Records on a footbag constitutes an implied reference to Mr. Martin. *See* Dkt. 1 at p. 5-6. Because there is no reference to Mr. Martin, his identity, or any uniquely identifying characteristics of Mr. Martin on the footbag, this does not constitute a false association with Mr. Martin. Similarly, Plaintiff alleges that referring to the toys offered in the promotion as "record-breaking toys" constitutes an implied reference to Mr. Martin. However, Mr. Martin alleges that other footbag records are mentioned in the promotion and does not claim that these records also belong to him. Dkt. p. 6-7. Since there is no reference made to Mr. Martin, his distinctive mark, or other device of Mr. Martin in invoking

11

the phrase "record-breaking toys," Plaintiff has not alleged any false endorsement resulting from the use of the phrase "record-breaking toys."

Finally, the sole reference to Plaintiff in the Wendy's Kids' Meal® giveaway is a factually true statement regarding the time that it took Mr. Martin to complete his record-breaking footbag session, not an endorsement. Unlike state right of publicity claims, the mere use of a name does not create liability for false endorsement. *Cairns v. Franklin Mint Co.*, 107 F.Supp.2d 1212, 1214-1215 (C.D. Cal. 2000). Only uses which suggest endorsement or approval are prohibited. *Id*. A true factual statement does not constitute a false endorsement because it does not suggest endorsement or approval. *See Marketing Products Management, LLC v. Healthandbeautydirect.com Inc., et al*, 333 F.Supp.2d 418, 430 (D. Md. 2004)(finding that true statement that plaintiff was part of design team for the product did not constitute a false endorsement). This factual statement is made only in the instruction card provided after consumers have purchased a Wendy's Kids' Meal. There is no reference to the footbag distributed as part of the meal in connection with the use of Mr. Martin's name and no statement that Mr. Martin ever used, approved, or sponsored the product. Thus, his name is used in a work which is received by the consumer after a purchase and does not constitute the type of advertisement that implies an endorsement. *See, e.g., Lemon v. Harlem Globetrotters Int'l, Inc.*, 437 F.Supp.2d 1089; 1099 (D. Ariz. 2006) (finding that use of a name on a product but not in an advertisement did not constitute false endorsement).

There is a separate basis for finding that the reference to Mr. Martin's record cannot constitute a false endorsement. Since Mr. Martin's name was not seen by consumers until after they had completed a purchase, his name could not influence the consumer's purchasing decision. A consumer purchasing the Wendy's Kids Meal® would not be aware of any reference to Mr. Martin. This scenario is analogous to cases that have found in the false advertising context

12

that statements made in product inserts did not influence purchasing decisions. *See, e.g., The Gillette Co. v. Norelco Consumer Products Co.*, 946 F.Supp. 115, 133-134 (D. Mass. 1996) (finding package insert did not constitute advertising or promotion under the Lanham Act); *Marcyan v. Nissen Corp.*, 578 F.Supp. 485, 506-507 (N.D. Ind. 1982) (finding allegedly false statement made in product manual provided after purchase was not material because it did not influence purchasing decisions). The false endorsement prong of the Lanham Act requires that consumers be mislead or deceived as to the sponsorship or endorsement of the goods. Where the consumer does not become aware of the alleged endorsement until after making a purchasing decision, we ask the court to find that the consumer cannot have been mislead or deceived as to the endorsement. Thus, the factual statement contained within a publication provided after purchase does not constitute a false endorsement and the Lanham Act false endorsement claim must be dismissed.

      **C.    The First Amendment is a Complete Defense to Plaintiff's Lanham Act Claims**

Plaintiff concedes that Defendant's publication of facts about world records in its GUINNESS WORLD RECORDS® books is protected speech. Plaintiff states: "Guinness World Records is well known for listing world records of all kinds in their publications. Guinness [sic] is allowed to list records in the Guinness Book of World Records [sic] because the publication itself is an expressive work and thus protected. This is not in dispute." Dkt p. 4. "The Guinness Book of World Records [sic] is an expressive work and they can list my records without my permission. They have listed my records for over 25 years." Dkt. p. 9. The Plaintiff's claims must be dismissed because there is no basis for making a distinction between Guinness World Records publishing information about a world record in book form versus the small publication at issue in this case. The only use of Plaintiff's name alleged in the Complaint is the mention of his world footbag record in the card inside the sealed child's meal premium package. The

13

package insert, like Defendant Guinness World Records' books, is an expressive work. As such, under the widely applied two-pronged test set forth in *Rogers v. Grimaldi*, 875 U.S. 994, 999 (1989) the Lanham Act should not apply:

> [T]he [Lanham] Act should be construed to apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression. In the context of allegedly misleading titles using a celebrity's name, that balance will normally not support application of the Act unless the title has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work.

The Rogers test is applicable not only to titles of expressive works, but also to their content. *See, e.g., Cummings v. Soul Train Holdings LLC*, 67 F.Supp.3d 599 (S.D.N.Y. 2014). Defendants' use of Ted Martin's identity in this case is protected by the First Amendment under the *Rogers* test. First, mention of his name is artistically relevant to the instructions provided to the recipient of the promotional toy. Mr. Martin's world record is mentioned because the subject matter of the instructions is intended to challenge the reader to try repeated footbag kicks and tricks. Second, there is no suggestion, much less an explicit statement, that Mr. Martin was the source of the work, and Mr. Martin does not assert that the statement about him is untrue.

Defendants' use of the Plaintiff's name in a sentence describing his record does not propose a commercial transaction, and is very different from using a famous celebrity's identity juxtaposed with the speaker's own logo in a full page advertisement. *Cf. Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509 (7th Cir. 2015). The context of the reference to Mr. Martin's record is not an advertisement. It is purely informational text. It is settled beyond dispute that "speech does not lose its First Amendment protection because money is spent to project it, as in a paid advertisement in one form or another. . .Speech is likewise protected even though it is carried in a form that is 'sold' for profit." *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 761 (1976)(citations omitted). "First Amendment standards. . .must

14

give the benefit of any doubt to protecting rather than stifling speech." *Citizens United v. Federal Election Com'n.*, 558 U.S. 310, 326 (2010)(citations omitted). Because the factual description of Mr. Martin's world record in a publication is protected by the First Amendment, his Lanham Act claim must be dismissed.

### D.   Conclusion

Because the one-year statute of limitations under the Illinois Right of Publicity Act has expired, Plaintiff's IRPA claim must be dismissed. Plaintiff lacks standing to bring his attempted Lanham Act claims to which the First Amendment is in any event a complete defense. Plaintiff has not plausibly alleged the elements required to establish liability for false advertising or false endorsement. For all of these reasons, the Complaint should be dismissed in its entirety.

Dated: October 13, 2015

Respectfully submitted,

/s/ *Julianne M. Hartzell*
Julianne M. Hartzell
Marsha K. Hoover
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 4747-0448

Attorney for Defendants
Wendy's International, Inc. and
Guinness World Records Limited

OF COUNSEL:

Joseph R. Dreitler
Mary R. True
DREITLER TRUE LLC
19 E. Kossuth Street
Columbus, Ohio 43206
Telephone: (614) 449-6677

Attorney for Defendant
Wendy's International, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 13, 2015 to all counsel of record via the Court's ECF system and via First-Class Mail on the following:

Johannes T. Martin
359 Woodbridge
Des Plaines, IL 60016

/s/ *Julianne M. Hartzell*

Julianne M. Hartzell