UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Johannes T. Martin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 15-cv-6998 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| Wendy's International, Inc., (n/k/a Wendy's ) | Magistrate Judge Susan E. Cox |
| International, LLC) and ) | |
| Guinness World Records Limited, ) | |
| | |
| Defendants. | |

**JOINT MOTION TO DISMISS AMENDED COMPLAINT
BY DEFENDANTS GUINNESS WORLD RECORDS LIMITED
AND WENDY'S INTERNATIONAL LLC**

On May 2, 2016, this Court entered an order dismissing each count of Plaintiff Johannes (Ted) Martin's Complaint. The Court allowed Plaintiff the opportunity to file an amended complaint "if he can cure the defects identified in this Order." Dkt. 26 at p. 18. Because Plaintiff's Amended Complaint, filed on May 23, 2016, fails to cure the defects, Defendants Guinness World Records Limited ("GWR") and Wendy's International LLC ("Wendy's), respectfully move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Amended Complaint with prejudice and without further leave to amend.

## I. FACTS

The Background section of the Court's Order provides a summary of the relevant facts. Dkt. 26 at p. 1-3. Plaintiff filed the Amended Complaint in this case on May 23, 2016. Dkt. 27. The Plaintiff alleges one new fact in the Amended Complaint – specifically, that he had a conversation with his future footbag distributor from Montreal, Canada, wherein Mr. Martin explained that he was suing the Defendants for using his identity and his colleague stated "We thought you had something to do with it." Dkt. 27 at p. 15.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 675 (7th Cir.2001). A claim must be facially plausible, *i.e.*, that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. *Stayart v. Yahoo! Inc.,* 623 F.3d 436, 438 (7th Cir.2010).

### B. False Endorsement

As the Seventh Circuit explains, one basis of liability under the Lanham Act includes "false representations concerning the origin, association or endorsement of goods or services

1

through the wrongful use of another's distinctive mark, name, trade dress or other device." *L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc.*, 9 F.3d 561, 575 (7th Cir.1993) *abrogated* by *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S.Ct. 1377, 1380 (2014) on other grounds. "False endorsement occurs when a person's identity is connected with a product or service in such a way that consumers are likely to be misled about that person's sponsorship or approval of the product or service." *Stayart v. Yahoo! Inc.*, 651 F.Supp.2d 873, 880 (E.D.Wis.2009), *aff'd*, 623 F.3d 436 (7th Cir.2010).

Lanham Act claims of false endorsement are narrower in scope than claims brought under state right of publicity acts. "It is clear that not all uses of a celebrity's image are actionable under § 1125(a). Only uses which suggest sponsorship or approval are prohibited. Unlike the broader right of publicity, which is infringed by the 'unpermitted use of a person's identity' containing 'no false inference that plaintiff endorses or approves the product,' § 1125(a) prohibits only *false endorsement*, not mere use of an image or name." *Cairns v. Franklin Mint Co.*, 107 F.Supp.2d 1212, 1214 (C.D. Cal. 2000), *quoting and adding emphasis to* 5 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 28:14 (4th ed.1996). The "mere possibility" that consumers may be misled is insufficient to prevail on an endorsement claim. *See Cairns*, 107 F.Supp.2d 1220 citing *Newton v. Thomason*, 22 F.3d 1455, 1461 (9th Cir.1994).

  C. **First Amendment Defense**

The most basic principle of First Amendment protection is that "government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Brown v. Entertainment Merchants Ass'n.*, 131 S.Ct. 2729, 2733 (2011), *citing Ashcroft v. American Civil Liberties Union*, 535 U.S. 564 (2002). The public's interest in being free of confusion about affiliation and endorsements under the Lanham Act is limited by the First

Amendment's protection of free expression. *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013).

### III. ANALYSIS

#### A. The Amended Complaint Does Not Plausibly Allege A Claim Under the Illinois Right of Publicity Act

##### 1. The Amended Complaint Has Not Overcome the Fact That the Plaintiff's Illinois Right of Publicity Act Claim is Time-barred

As the Court held in its Order, there is a one year statute of limitations to file a claim pursuant to the Illinois Right of Publicity Act and, in this case, the statute of limitations expired in September 2014 at the latest. Dkt. 26 at p. 8; *see also Blair v. Nevada Landing Partnership*, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2d 2006); *Berry v. Ford Modeling Agency*, Case No. 09cv8076, 2012 WL 5470289 at *3 (N.D. Ill. Nov. 9, 2012) ("more recent cases, especially *Blair*, make it absolutely clear that the Right of Publicity Act has a one-year statute of limitations")(citations omitted). The Amended Complaint identifies no new facts that would cure the defect. Rather, Plaintiff spends the first eleven pages of the Amended Complaint rearguing his position regarding the statute of limitations that he believes should apply to the IRPA and the scope of that Act. Dkt. 27 at pp. 1-11. Because the Court has already decided that the statute of limitations for this claim expired at least as of September 2014 and Plaintiff has pleaded no new allegations that would cure the defect, the IRPA claim should be dismissed with prejudice and without leave to replead.

##### 2. The Amended Complaint Does Not Allege A Claim Under the IRPA

Even if Mr. Martin's Illinois Right of Publicity Act case were not time-barred, his Amended Complaint fails to state a claim for relief under the Act.

First, while Mr. Martin is correct that the Act prohibits unauthorized use of a person's identity for a "commercial purpose," he asserts that the Defendants' use of his identity was commercial but does not allege any fact that supports this conclusion.

3

The act defines "commercial purpose" as

> The public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods or services; or (iii) for the purpose of fundraising.

765 ILCS 1075/5.

The Amended Complaint does not state facts that, if proven, would establish that Mr. Martin's identity was used in the "offering for sale or sale" of a product, or advertising or promoting merchandise, or fundraising. The Amended Complaint admits that the toy footbag was sealed in a bag with a card that said "Back in 1997, Ted Martin made his world record of 63,326 kicks in a little less than nine hours!" Dkt. 27 at p. 2, 13. It was thus impossible for his identity to have been used in connection with the offering for sale or sale of a product, because the public only had access to his name after the product (a Wendy's Kids' Meal®) had been sold.

Second, Defendants' use of Martin's identity is excluded from the IRPA's coverage because the act does not apply to uses that portray the individual in a book or article that "does not constitute in and of itself a commercial advertisement for a product, merchandise, goods, or services." 765 ILCS 1075/35(a)(1). The instructional booklet inside the sealed bag was not a commercial advertisement for a product. As stated in the Amended Complaint, the text challenged the recipient of the toy to "try flicking the footbag from one foot to the other or to your knee." DKT 27 at p. 13. The Defendants' use of Plaintiff's name is also excluded under the following section of the Act, which lists as a non-commercial purpose to which the Act does not apply any "sports broadcast or account." 765 ILCS 1075/35(a)(2). The Defendants' use is also excluded under the next section, providing that the Act has no application to use of an individual's name in "truthfully identifying the person as the author of a particular work or program or the performer in a particular performance." 765 ILCS 1075/35(a)(3). Here,

Defendants truthfully and accurately identified Mr. Martin as the performer of a record-setting feat. Accordingly, the Amended Complaint has not plausibly alleged any claim under the IRPA.

### B. The Lanham Act Claims Are Insufficiently Pled

Based upon the Amended Complaint, it appears that Plaintiff continues to plead a False Advertising claim (Dkt. 27 at p. 13 citing the Lanham Act's prohibition on the use of any device in commerce that misrepresents the nature, characteristics, or qualities of a person's goods) and a False Endorsement or False Association claim (Dkt. 27 at p. 12 citing the Lanham Act's prohibition against use of anything in commerce that is "likely to deceive as to the affiliation or association of a person with another person's goods."). However, nothing in the Amended Complaint corrects the deficiencies identified in the Court's Order dismissing these claims. Accordingly, they should again be dismissed, but without leave to replead.

#### 1. The Amended Complaint Fails to Correct the Flawed False Advertising Claim

This Court found that "the term 'record-breaking' contains no factual content that positively misrepresents the nature, characteristics, qualities or origin of the toys, and it is not plausible that any consumer would rely on the term 'record-breaking' as a statement about the nature or quality of the footbag." Dkt. 26 at p. 13-15. The Amended Complaint offers no new facts or allegations that cure this defect. Rather, the Plaintiff merely restates the facts alleged in the Original Complaint and again alleges that the Defendants have implied that the footbag offered in the promotion was the same as the footbag he used to achieve his record. Compare Dkt. 27 at p. 13-14 to Dkt. 1 at p. 6-7. Because the Amended Complaint adds nothing new to the False Advertising claim that this Court has already dismissed, Defendants ask that the False Advertising claim be dismissed with prejudice and without leave to replead.

#### 2. The Amended Complaint Fails to Allege Any Plausible Claim of False Association or False Endorsement Under the Lanham Act

Similarly, the Court previously dismissed Plaintiff's claim for false endorsement or false association. Dkt. 26 at pp. 15-18. Nothing in the Amended Complaint corrects the defects identified by the Court in its Order. Thus, the claim should be dismissed for the same reasons.

The Court found that neither the term "record-breaking" nor use of the phrase "Guinness World Records" on a footbag constitutes a reference to Plaintiff. Dkt. 26 at p. 16. Further, the Court found that the only reference to Plaintiff is found on an instructional card that merely listed Plaintiff's name and record that is first viewed by consumers after purchase. *Id.* at 16-18. The Amended Complaint only confirms these facts. Dkt. 27 at p. 2. Thus, Plaintiff had not alleged a plausible false association or false endorsement claim. *Id.*

In an attempt to reargue his position, Plaintiff states, without citation to case law, that "Under the Lanham Act, the Court only has to determine if the person was identified in the advertisement." Dkt. 27 at p. 15. As the Court held in its Opinion, this is a misstatement of the law which requires that use of person's identity is only prohibited if the use suggests endorsement or sponsorship. Dkt. 26 at p. 16 *citing Cairns v. Franklin Mint Co.*, 107 F. Supp. 2d 1212, 1214-16 (C.D. Cal. 2000). Plaintiff has not plausibly alleged that Defendants' reference to his name and record suggests such an endorsement or sponsorship.

The only new fact alleged by Plaintiff is that his colleague from Montreal, upon learning from Plaintiff that he had filed suit against Defendants for alleged misuse of his identity, stated "We thought you had something to do with it." However, the Amended Complaint does not allege any additional facts that United States consumers, the group of people the Lanham Act is intended to protect, were likely to be confused by Defendants' reference to his record. To the contrary, Plaintiff alleges that the statement was not about United States consumers. "'We' meaning the whole footbag community in Montreal." Dkt 205, p. 17. That Canadians who are colleagues of the Plaintiff in the footbag community believed the Plaintiff had something to do with the reference to his record in the instructional card does not bolster his false endorsement

6

claim under the Lanham Act. The Court in *Cairns* disregarded similar statements, finding that they were not the result of any statement made in the advertisements at issue, but merely an assumption by consumers that large corporations get permission from families or estates before producing products. *Cairns*, 107 F. Supp. 2d at 1219-1220. Plaintiff's new allegation offers nothing more than purported evidence that people who know Plaintiff assumed he was involved; it does not plausibly overcome the Court's previous conclusion that Defendants' use of Plaintiff's name and record in an instructional card received after purchase of a Wendy's Kids' Meal® would not mislead consumers to believe that Plaintiff was at all associated with the promotion.

        C.      **The First Amendment is a Complete Defense to Plaintiff's Lanham Act Claims**

Even if Plaintiff had cured the earlier defects addressed in the Court's Order, the First Amendment provides a complete defense to his claims. Plaintiff has conceded that GWR's publication of facts about world records in its GUINNESS WORLD RECORDS® books is protected speech. Plaintiff states: "Guinness World Records is well known for listing world records of all kinds in their publications. Guinness [sic] is allowed to list records in the Guinness Book of World Records [sic] because the publication itself is an expressive work and thus protected. This is not in dispute." Dkt 1 at p. 4. "The Guinness Book of World Records [sic] is an expressive work and they can list my records without my permission. They have listed my records for over 25 years." Dkt. 1 at p. 9. The Plaintiff's claims must be dismissed because there is no basis for making a distinction between GWR publishing information about a world record in book form versus the small publication at issue in this case. The only use of Plaintiff's name alleged in the Complaint is the mention of his world footbag record in the instruction card inside the sealed child's meal premium package. The Court has already found that this card is not used to promote or advertise footbags, but instead provides an illustrative example of how to play the

7

game and encourages customers to play the game with their families. Dkt. 26 at 17-18. The instructional card is an expressive work subject to First Amendment protection. As such, under the widely applied two-pronged test set forth in *Rogers v. Grimaldi*, 875 U.S. 994, 999 (1989) the Lanham Act should not apply:

> [T]he [Lanham] Act should be construed to apply to artistic works only where the public interest in avoiding consumer confusion outweighs the public interest in free expression. In the context of allegedly misleading titles using a celebrity's name, that balance will normally not support application of the Act unless the title has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work.

Applying the *Rogers* test, it is appropriate to grant a motion to dismiss where the First Amendment precludes trademark liability. *See Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1248 (9th Cir. 2013). In the *Brown* case, the Ninth Circuit affirmed the district court's grant of a motion to dismiss on the grounds that references to the football player Jim Brown in the Madden NFL video game series were protected under the First Amendment. *Id.* at 1240. To overcome the First Amendment protection that applies to any work wherein reference to identifying material has even the slightest artistic relevance, the Plaintiff must allege that the creator of the expressive work "'explicitly mislead [consumers] as to the source or the content of the work.'" *Id.* at 1245. As in the *Brown*, Mr. Martin's Amended Complaint has not plausibly made such allegations.

Defendants' use of the Plaintiff's name in a sentence describing his record is artistically relevant to the package insert describing the use of footbags. Thus, Plaintiff must plausibly allege that Defendants explicitly mislead consumers as to the source of the work. The Court has already found that Defendants' reference to Plaintiff's record does not constitute a suggestion that Plaintiff is the source of the package insert or product and nothing in the Amended Complaint plausibly contradicts that finding. Dkt. 26 at p. 16-18. Defendants have done nothing to explicitly

8

mislead consumers as to the source. Because the factual description of Mr. Martin's world record in a publication is protected by the First Amendment, his Lanham Act claim must be dismissed.

### D. Conclusion

Because Plaintiff has not corrected the defects identified by the Court, the Amended Complaint should be dismissed with prejudice and without leave to replead. The one-year statute of limitations under the Illinois Right of Publicity Act has expired; thus, Plaintiff's IRPA claim must be dismissed. Plaintiff has not plausibly alleged the elements required to establish liability for false advertising or false endorsement. The First Amendment provides a complete defense to all claims. For all of these reasons, the Amended Complaint should be dismissed in its entirety.

Dated: June 9, 2016

Respectfully submitted,

/s/ *Julianne M. Hartzell*
Julianne M. Hartzell
Marsha K. Hoover
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 4747-0448

Attorney for Defendants
Wendy's International, Inc. and
Guinness World Records Limited

OF COUNSEL:

Joseph R. Dreitler
Mary R. True
DREITLER TRUE LLC
19 E. Kossuth Street
Columbus, Ohio 43206
Telephone: (614) 449-6677

Attorney for Defendant
Wendy's International, LLC

9

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 9, 2016 to all counsel of record via the Court's ECF system and via First-Class Mail on the following:

Johannes T. Martin
359 Woodbridge
Des Plaines, IL 60016

                                      /s/ *Julianne M. Hartzell*

                                      Julianne M. Hartzell