**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Johannes T. Martin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 15-cv-6998 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Wendy's International, Inc., (n/k/a Wendy's | ) | Magistrate Judge Susan E. Cox |
| International, LLC) and | ) | |
| Guinness World Records Limited, | ) | |
| | ) | |
| Defendants. | | |

---

**JOINT REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**
**BY DEFENDANTS GUINNESS WORLD RECORDS LIMITED**
**AND WENDY'S INTERNATIONAL LLC**

---

The Court offered Plaintiff Johannes (Ted) Martin a limited opportunity to replead "if he can cure the defects identified in [the Court's Dismissal] Order." Dkt. 26 at p. 18. Martin's Response to the Motion to Dismiss the Amended Complaint and the Amended Complaint constitute nothing more than re-argument of the issues already decided in that order. Because Plaintiff's May 23, 2016 Amended Complaint fails to cure the defects previously identified by the Court, Defendants Guinness World Records Limited ("GWR") and Wendy's International LLC ("Wendy's), respectfully request that the Court dismiss Plaintiff's Amended Complaint with prejudice and without further leave to amend.

## I.     APPELLATE DECISION IN MARTIN'S OTHER RIGHT OF PUBLICITY AND LANHAM ACT CASE

On June 30, 2016, after the filing of the motion to dismiss in this case, the Seventh Circuit affirmed Judge Tharp's dismissal of Martin's Lanham Act and Illinois Right of Publicity claims against Living Essentials. *Martin v. Living Essentials, LLC*, Case No. 16-1370, 2016 WL 3619372 (7th Cir. June 30, 2016). In that decision, the Court found that Martin's take on the commercial at issue in that proceeding is not reasonable and that his pleading of similar facts to those alleged here regarding his renown as a world record holder for consecutive kicks of a footbag "does not plausibly allege that he enjoys the degree of public notoriety necessary to support a claim under the Lanham Act for false endorsement." *See Martin v. Living Essentials, LLC* at *2. However, because the Court found that Mr. Martin failed to state a claim under the IRPA[1], it declined to determine if the Illinois Supreme Court would apply a one-year or five-year statute of limitations to the IRPA. *Id.* at *3.

Martin bases this case on the same implausible assertion that his notoriety as a footbag record holder is such that mention of the sport invokes his identity. His attempt to amend his

---

[1] The Court also provided guidance to the district court in that proceeding that, upon resolution of the Lanham Act claims, it should have decided whether to retain supplemental jurisdiction over the IRPA claim. *Martin v. Living Essentials, LLC* at *2-3.

complaint does not provide any additional facts sufficient to make this credible thus his claim under the Lanham Act for false endorsement falls far short of doing so, and his Lanham Act claim must again be dismissed.

## II.     LEGAL ANALYSIS

### A.     Both the Amended Complaint and Response Do No More Than Reargue the Original Dismissal

The Court provided Martin with a limited opportunity to replead to correct the deficiencies identified in the Court's Order of Dismissal. Dkt. 26 at p. 18. Both the Amended Complaint and Plaintiff's Response to the Motion to Dismiss the Amended Complaint constitute nothing more than reargument and unsupported denials. *See, e.g.,* Dkt. 31 at p. 12 (addressing fraudulent concealment), and p. 13-17 (addressing standing, is not at issue in the motion to dismiss).  Because the same deficiencies the Court identified in the Memorandum Opinion and Order granting Defendants' Motion to Dismiss exist in the Amended Complaint, Defendants ask that the Amended Complaint be dismissed with prejudice.

### B.     Martin's Response Does Not Identify Any Basis for An IRPA Claim

As set forth in the opening brief, the Amended Complaint does not identify any use of Martin's identity in connection with the offering for sale, sale, advertising, or promotion of any product and the only use of Martin's name identified in the Amended Complaint falls within the exceptions of the IRPA. Dkt. 28 at p. 3-5. The only example cited by Plaintiff as support for his argument that the instructional book is commercial speech is a reference to the advertisement published by Jewel in *Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509, 519 (7th Cir. 2014). However, as acknowledged by Plaintiff, the use at issue in that case was an advertisement, whereas, in this case, the disputed reference to Martin was admittedly not provided to consumers until after purchase. *See* Dkt. 31 at 7. Further, as cited by Martin, the *Jordan* court distinguished the Jewel advertisement from the substantive editorial content contained in the magazine in

which the advertisement appeared. Dkt. 31 at p. 8. Here, the reference to Martin's record in the instructional card appears as substantive content, not as an advertisement. Accordingly, it does not constitute use in offering for sale, sale, advertising, or promotion.

Further, the reference to Martin's world record falls within an exception to the IRPA. The exceptions set forth in the IRPA are intended to keep the Act from running afoul of the First Amendment. *Cummings v. ESPN Classic, Inc.*, Case No. 08cv0718, 2009 WL 650559 at *2 (S.D. Ill. March 9, 2009). As identified in the opening brief, the reference to Martin's record in the instructional card merely identifies him as the performer of a particular performance (*i.e.*, setting a world record of 63,326 kicks), a fact that Mr. Martin freely admits. A recent decision in this district applied the same exception as it addresses the identification of an author of a work and similarly found that the exception precluded a claim under the IRPA. *See Hart v. Amazoncom Inc.*, Case no. 15cv01217, 2016 WL 3360639 at *10 (N.D. Ill. June 13, 2016). Martin's only response is that he did not perform at any time in the Defendants' promotion. Dkt. 31 at p. 5. Because the exception is not limited to references to a performance that took place as part of the promotion, the Court should find that the accused reference to Mr. Martin falls within the exceptions to the IRPA set forth in 765 ILCS 1075/35(a)(2) or 765 ILCS 1075/35(a)(3), Accordingly, the IRPA claim should be dismissed with prejudice.

### C. The Illinois Supreme Court Would Likely Apply a One Year Statute of Limitations to the Illinois Right of Publicity Act

The IRPA is also time-barred. As noted by the Seventh Circuit, because the Illinois Supreme Court has not provided guidance on the statute of limitations to be applied under the IRPA, this Court must attempt to predict how the Illinois Supreme Court would decide. Only one Illinois state case has addressed the issue. *Blair v. Nevada Landing Partnership*, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2d 2006). In *Blair*, the Illinois Appellate Court reasoned that the IRPA codified and explicitly replaced the common-law appropriation of likeness tort, to which a one-

3

year statute of limitation applied. *Id.* at 1192. Because this is consistent with the common law that was supplanted by the IRPA it is likely that the Illinois Supreme Court would accept this rationale and apply a one-year statute of limitations. This view has been universally adopted by the subsequent district court decisions applying the statute of limitations,. *See Jordan v. Jewel Food Stores, Inc.*, Case no. 10cv340, 2015 WL 4978700 at *1 (N.D. Ill. August 20, 2015); *Berry v. Ford Modeling Agency*, Case No. 09cv8076, 2012 WL 5470289 at *3 (N.D. Ill. Nov. 9, 2012); *Maremont v. Susan Fredman Design Group*, 772 F.Supp.2d 967, 971 (N.D.Ill.2011); *Wells v. Talk Radio Network–FM, Inc.*, 2008 WL 4888992, at *2 (N.D.Ill. Aug.7, 2008). For these reasons, this Court should apply the one-year limitation to Martin's claim and the IRPA claim should be dismissed with prejudice and without leave to replead.

### D. Martin's Response Fails to Identify Any Way in Which the Amended Complaint Corrects the Deficiencies in the Lanham Act Claims Identified in the Order of Dismissal

Because Martin has not addressed the Lanham Act claims within the Court's page limits, Defendants could well disregard this argument in its entirety. However, to the extent the Court considers this portion of the Response, it will be obvious that Plaintiff merely reargues the same points addressed in the Court's Memorandum Opinion and Order dismissing the original complaint. Specifically, Martin disputes the relevance of the cases relied upon by the Court in dismissing the Complaint. Dkt. 31 at pp. 20-27. Martin's argument is both incorrect and inappropriate in the context of the limited repleading allowed by this Court.

First, Martin argues that the analysis of *Cairns v. Franklin Mint Co.*, 107 F.Supp.2d. 1212, 1214 (C.D. Cal. 2000) is limited to nominative fair use cases. That is incorrect. *Cairns* itself was not even a nominative fair use case. Rather, the court's analysis in *Cairns* analogized to another nominative fair use case and said that "the same threshold consideration is applicable to this case," specifically, does the use of the celebrity's image serve a source identification

4

function. Those portions of the *Cairns* case cited by this Court address the standard for false endorsement claims generally and the likelihood that a consumer would be falsely led to believe that the plaintiff endorses or approves a product. This analysis is relevant to Martin's claims and properly leads to the dismissal of those claims because it is implausible that the accused promotion was likely to lead a consumer to believe that Martin endorsed Defendants' products. Further, Martin's analysis of the fine art exception to the IRPA is irrelevant to the *Cairns* court's determination of a false endorsement claim under the Lanham Act. Martin's reliance on *Abdul Jabar v. General Motors Corp.,* 85 F.3d 407, 412-413 (9th Cir. 1996) is similarly misplaced. In that case, the court relied upon the use of celebrity endorsements in television commercials as commonly understood to constitute an endorsement. There is no such common understanding of statements of fact made in substantive content in a sealed instructional card provided along with a product.

Similarly, Martin's False Advertising argument is nothing more than a rehash of the allegations contained in the initial complaint. This Court has already found that it is not plausible that a consumer would be misled to believe that the footbag distributed as part of defendant's promotion shares any qualities or characteristics that are similar in "nature" or "origin" to the footbag plaintiff used to break the consecutive kicks record and that record-breaking is mere puffery. Dkt. 26 a pp. 11-15. Martin's response does nothing more than reargue these points. Dkt. 31 at pp. 28-30.

Because Martin's Amended Complaint fails to correct the deficiencies identified by the Court's Memorandum Opinion and Order, and because Martin has been given an opportunity to correct those deficiencies, the Lanham Act claim should again be dismissed with prejudice.

### E. Martin's Response Does Not Comply with the Requirements for a Motion for Summary Judgment

While Martin titled his response "Response to Motion to Dismiss Amended Complaint and Summary Judgment" and requests that the Court grant him summary judgment, he has failed to comply with the requirements of a motion for summary judgment. Specifically, Martin has not filed a statement of undisputed facts supported by admissible evidence as required by FRCP 56 and Local Rule 56.1(a)(3) or noticed his motion as required by Local Rule 5.3(b). Failure to comply with the court's local rules constitutes grounds for denial of the motion. *See, e.g. Family Life Church v. City of Elgin*, Case No. 07cv0217, 2007 WL 2790762 at * 1-3 (N.D. Ill. September 24, 2007); *Eva's Bridal Ltd. v. Halanick Enterprises, Inc.*, Case No. 07cv1668, 2010 WL 2035720 at *5-6 (N.D. Ill. May 19, 2010). Accordingly, plaintiff's unsupported request for summary judgment should be denied without analysis on the merits for failing to comply with the local rules.

### F. Conclusion

This Court explained the legal deficiencies in Plaintiff's complaint and granted Plaintiff the opportunity to salvage his case by coming forth with allegations of fact that would provide a plausible basis for his claims. Plaintiff has failed to do so, and the Amended Complaint should be dismissed with prejudice and without leave to replead. Plaintiff has no claim under the IRPA because Defendants did not make commercial use of his identity, any mention of the fact of his record falls within exceptions to the Act, and the one-year statute of limitations under the Illinois Right of Publicity Act has expired. Plaintiff has not plausibly alleged the elements required to establish liability for false advertising or false endorsement. Finally, the First Amendment provides a complete defense to all of his claims. For all of these reasons, the Amended Complaint should be dismissed in its entirety with prejudice and without leave to replead.

Dated: July 18, 2016                     Respectfully submitted,

                                         /s/ *Julianne M. Hartzell*
                                         Julianne M. Hartzell
                                         Marsha K. Hoover
                                         MARSHALL, GERSTEIN & BORUN LLP
                                         233 South Wacker Drive
                                         6300 Willis Tower
                                         Chicago, Illinois 60606-6357
                                         Telephone:  (312) 474-6300
                                         Facsimile:  (312) 4747-0448

                                         Attorney for Defendants
                                         Wendy's International, Inc. and
                                         Guinness World Records Limited

                                         OF COUNSEL:

                                         Joseph R. Dreitler
                                         Mary R. True
                                         DREITLER TRUE LLC
                                         19 E. Kossuth Street
                                         Columbus, Ohio 43206
                                         Telephone: (614) 449-6677

                                         Attorney for Defendant
                                         Wendy's International, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 18, 2016 to all counsel of record via the Court's ECF system and via First-Class Mail on the following:

Johannes T. Martin
359 Woodbridge
Des Plaines, IL 60016


/s/ *Julianne M. Hartzell*

Julianne M. Hartzell